UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays, Sienemah Gaye, M. Montgomery, Marlon M. Winborn, Tyice Phillips, Justin Lindsey, and Clifton Walker, | Case No. 21-cv-2078 (WMW/LIB) |
| Plaintiffs, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Sherburne County Jail, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon the Applications to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiffs Otis Mays, Justin Lindsey, Clifton Walker, and Marlon M. Winborn (IFP Applications [Docket Nos. 11–14]).

The seven named Plaintiffs filed this action on September 20, 2021. (Complaint [Docket No. 1]).[1] While the Complaint is not entirely clear, its thrust appears to be that officials at the Sherburne County Jail have denied Plaintiffs proper access to a law library or legal reference materials. (See, Id. at 1–5).

Upon initiating the present action, Plaintiffs did not pay this action's filing fee or submit applications to proceed in forma pauperis ("IFP"). As a result of this failing, on September 21, 2021, the Clerk of Court issued each Plaintiff a separate warning letter. (See Letters Docket Nos. 2, 4–9). These letters (1) stated that the Court had not received from the relevant Plaintiff either

---

[1] Plaintiffs' initial filing is titled "Request for Emergency Temporary Restraining Order or an Injunction Order"; they did not file a document labelled as a complaint. For purposes of early case-management steps, however, the Court construes this filing as an opening pleading and will refer to it as the "Complaint."

this action's filing fee or an application to proceed IFP; (2) enclosed a copy of this District's template IFP application; and (3) warned the relevant Plaintiff that if the Court did "not receive [his or her] filing fee or [IFP application], [his or her] case could be summarily dismissed without prejudice." (Id.).

It has been over a month since the Court sent these letters, and three Plaintiffs—Gaye, Montgomery, and Phillips—have not submitted a filing fee or an IFP application. In fact, neither Gaye, Montgomery, nor Phillips has communicated with the Court about this case at all since this action began. Accordingly, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court now recommends that Gaye, Montgomery, and Phillips be dismissed without prejudice from this action for failure to prosecute. See, e.g., Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

The remaining four Plaintiffs—Mays, Winborn, Lindsey, and Walker—have submitted IFP Applications. Each of these applications is, however, insufficient. First, all four IFP Applications lack a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). This material is required by statute, and the Court needs the information that the material provides in order to calculate these Plaintiffs' initial partial filing fee for this action. See, Id. § 1915(b)(1).[2] The Court therefore orders Mays, Winborn,

---

[2] Specifically, § 1915(b)(1) states that
> if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

Lindsey, and Walker to each provide a certified copy of his trust-fund account statement and/or an institutional equivalent within thirty (30) days of this Order's date. For any Plaintiff who fails to comply, the Court will recommend dismissing said Plaintiff from this action under Rule 41(b).

Second, Winborn's IFP Application has additional deficiencies. As an initial point, two pages of Winborn's IFP Application seem to have been mistakenly attached to the end of Walker's IFP Application. (Compare Plf. Walker's IFP Application [Docket No. 13] with Plf. Winborn's IFP Application [Docket No. 14]). Even assuming that this is the case, however, the last page of Winborn's IFP Application is missing information for several of the required questions. (See, IFP Application [Docket No. 13] at 7) (missing responses to Questions 10–13). The Court therefore orders Winborn to provide a completed copy of page five of his IFP application. If Winborn fails to provide this within thirty (30) days of this Order's date, the Court will recommend dismissing him from this action under Rule 41(b).

Therefore, based on the foregoing, and on all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiffs Sienemah Gaye, M. Montgomery, and Tyice Phillips be **DISMISSED WITHOUT PREJUDICE** from this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

**1.** As soon as practicable and in any event by no later than thirty (30) days from the date of this Order, Plaintiffs Otis Mays, Marlon M. Winborn, Justin Lindsey, and

---

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

        Clifton Walker shall each provide a certified copy of his trust-fund account statement and/or an institutional equivalent;

2.  If any Plaintiff fails to provide the required information in the time permitted, the Court will recommend dismissing that Plaintiff from this action, under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute;

3.  As soon as practicable and in any event by no later than thirty (30) days from the date of this Order, Winborn shall also provide a completed copy of page five of his IFP Application; and

4.  If Winborn fails to provide a completed copy of page five of his IFP Application in the time permitted, the Court will recommend dismissing Winborn from this action under Rule 41(b) for failure to prosecute.

Dated: November 29, 2021             s/Leo I. Brisbois
                                                             Hon. Leo I. Brisbois
                                                             United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).