UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays, Marlon M. Winborn, Justin Lindsey, and Clifton Walker, | Case No. 21-cv-2078 (WMW/LIB) |
| Plaintiffs, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| Sherburne County Jail, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636.

On November 30, 2021, the undersigned issued an Order and Report and Recommendation ordering Plaintiffs Marlon M. Winborn, Justin Lindsey, and Clifton Walker to provide "a certified copy of his trust-fund account statement and/or an institutional equivalent." (Id. at 4). The Court also ordered Winborn to "provide a completed copy of page five of his IFP Application" because it had been omitted from his previous IFP Application. (Id.) Plaintiffs Winborn, Lindsey, and Mays had thirty (30) days—that is, until December 30, 2021—to provide the required information, failing which the Court would recommend dismissing this action be dismissed without prejudice for failure to prosecute. See, Fed. R. Civ. P. 41(b). The deadline has passed, and these Plaintiffs have not provided any of the required information. Accordingly, this Court now recommends, in accordance with its prior Order, that Plaintiffs Winborn, Lindsey, and Walker be dismissed from this action without prejudice under Rule 41(b) for failure to prosecute. See, e.g., Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

The recommendation of dismissal regarding Plaintiffs Lindsey, Walker, and Winborn renders moot each of these Plaintiff's previously filed incomplete IFP Application. Thus, the Court also recommends denying as moot the applications to proceed in forma pauperis filed by Plaintiffs Lindsey, Walker, and Winborn. (IFP Applications [Docket Nos. 12–14]).

This leaves for this Court's consideration Plaintiff Mays. While the materials Mays has provided in this matter lack a copy of a trust-fund account statement, the Court is aware of his IFP application submitted in a case originally filed close to the same time that he filed that action. (See, Certificate of Authorized Prison Official, Mays v. Federal Bureau of Investigation, Case No. 21-cv-2086 (PJS/BRT) (D. Minn. Oct. 20, 2021). The Court will therefore use the information from that IFP application to process Mays's application here.

Because Mays is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

(1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

  (A) the average monthly deposits to the prisoner's account; or

  (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act ("PLRA")—prisoners granted IFP status are *not* excused from paying the court filing fee altogether, as nonprisoner IFP litigants are. Instead, a prisoner granted IFP status merely gets permission to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at a case's outset, and § 1915(b)(2) requires that the prisoner pay the remaining balance in installments through regular deductions from his or her trust account.

In this case, Mays's trust-account statement in Case No. 21-cv-2086 states that the amount of his average monthly deposits during the preceding six-month period was $34.50, while his average balance during the same period was $65.61. Because the balance amount exceeds the deposits amount, Mays's initial partial filing fee in this case, under the § 1915(b)(1) formula, will be 20 percent of the average balance amount, or $13.22. This action will not go forward until Mays's initial partial filing fee of $13.22 has been paid in full. If Mays elects to pursue this action by paying the $13.22 initial partial filing fee, *the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments*.[1] Prison officials will be ordered to deduct funds from Mays's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Mays succeeds in this action. If Mays fails to pay his initial partial filing fee within thirty (30) days of this Order's date, the Court will deem him to have

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). Due to additional administrative fees, however, the total fee is now $402.00. Because the PLRA applies only to the statutory filing fee, Mays—if he chooses proceeds with this action—will only be required to pay the $350.00 statutory filing fee, not the $402.00 total fee.

abandoned this action and recommend dismissing the case without prejudice for lack of prosecution. See, Fed. R. Civ. P. 41(b).

Based on the foregoing, and on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Otis Mays must pay an initial partial filing fee of at least $13.22 within thirty (30) days of the Order's date; and

2. Should Mays fail to pay the initial partial filing fee, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Additionally, based on the foregoing, and on all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiffs Marlon M. Winborn, Justin Lindsey, and Clifton Walker be **DISMISSED without prejudice** from this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute;

2. Plaintiff's Lindsey's application to proceed in forma pauperis, [Docket No. 12], be **DENIED as moot**;

3. Plaintiff's Walker's application to proceed in forma pauperis, [Docket No. 13], be **DENIED as moot**; and

4. Plaintiff's Winborn's application to proceed in forma pauperis, [Docket No. 14], be **DENIED as moot**.


Dated: January 14, 2022                    s/Leo I. Brisbois
                                           Hon. Leo I. Brisbois
                                           United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).