UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays, | Case No. 21-cv-2078 (WMW/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Sherburne County Jail, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636. Following the undersigned's previous recommendations, [Docket Nos. 15, 22], Plaintiff Otis Mays is the sole remaining Plaintiff in the present case.

In an Order dated January 14, 2022, this Court ordered Plaintiff Otis Mays to pay an initial partial filing fee of at least $13.22. (See, Order and R. & R. [Docket No. 21] at 4). Plaintiff was provided thirty (30) days—that is, until February 13, 2022—to make this payment. (Id.). Plaintiff was forewarned that if he failed to make the partial payment in the time permitted, it would be recommended that this action be dismissed without prejudice for failure to prosecute. (Id.) (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and Plaintiff has not paid the initial partial filing fee. Accordingly, this Court now recommends, in accordance with its January 14, 2022, Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See, e.g., Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: February 25, 2022
s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).